Sandra L. WEGNER, Plaintiff-Appellant,†

v.

HERITAGE MUTUAL INSURANCE COMPANY, Defendant-
Respondent,

RURAL MUTUAL INSURANCE COMPANY, Interiors/Exteri-
ors, Ltd., Joseph McMullen, Thomas Sandoval, a/k/a
Thomas Sandoval Dominguez and John Doe,
Defendants,

WISCONSIN HEALTH ORGANIZATION, Necessary-Party.

Court of Appeals

*No. 92–1084. Submitted on briefs September 14,
1992.—Decided December 2, 1992.*

(Also reported in — N.W.2d —.)

† Petition to review denied.

119

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Thomas J. Duffey, Jr.,* of *Duffey Law Office, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Arthur P. Simpson,* of *Simpson & Barnes* of Milwaukee.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.  Sandra Wegner appeals from a judgment granting Heritage Mutual Insurance Company's (Heritage Mutual) motion for summary judgment and dismissing with prejudice Wegner's complaint against Heritage Mutual. Because we conclude that the uninsured motorist insurance laws do not provide coverage for a hit-and-run driver that does not "hit" another vehicle, we affirm the trial court's judgment.

Sandra was injured in an automobile accident which occurred in October 1990. The car was driven by her husband, Lee Wegner, and she was a passenger. The Wegners were traveling southbound in the far right lane of Highway 59 in Waukesha county. A gray car was in the far left southbound lane. A van was in the middle southbound lane. The gray car suddenly swerved into the path of the van, causing the van to swerve into the Wegners' lane of traffic. At that point, the Wegners were forced off the highway and struck a railroad crossing tower.

Laura Allen witnessed the Wegners' accident from her vehicle and vantage point behind the three vehicles. Although it is disputed whether the van struck the Wegners' car, it is undisputed that there was no other contact between the vehicles. Neither the gray car nor the van stopped to lend assistance to the Wegners. Allen pursued the gray car and obtained the license plate number, but further efforts failed to identify the car or its driver.

Shortly thereafter, the Wegners determined that the van was leased by Interiors/Exteriors, Ltd. and that its employee, Thomas Sandoval, was the driver at the time of the accident.

Sandra's amended complaint for negligence named the following as defendants: Sandoval; Interiors/Exteriors, Ltd.; its owner, Joseph McMullen; its insurer, Rural Mutual Insurance Company; the Wegners' insurer, Heritage Mutual; and John Doe, representing the unidentified owner and driver of the gray car. The complaint alleged that the uninsured motorist policy issued by Heritage Mutual covered the sums for which John Doe was liable. The Heritage Mutual policy provided coverage for:

**[B]odily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle.**

. . ..

**2.** **"Uninsured motor vehicle"** means a land motor vehicle or trailer which is:. . .

. . ..

c. A hit-and-run vehicle whose operator or owner is unknown and which strikes:

(1) **You** or a **relative.**

(2) A vehicle which **you** or a **relative** are **occupying.**

(3) **Your insured car.**

[Emphasis in original.]

Heritage Mutual moved for summary judgment because the John Doe vehicle did not strike the Wegners' vehicle, as required for coverage by the policy. Sandra argued that even if the uninsured motorist provision of Heritage Mutual's policy did not cover her situation, Wisconsin's omnibus insurance statute for uninsured motorists, sec. 632.32(4), Stats., imputed such coverage into the Heritage Mutual policy by the language in sec. 632.32(4)(a)2b. Sandra also argued that since she made reasonable efforts to identify the John Doe driver or owner, the court should construe those efforts as substantial evidence that the driver or owner was uninsured for the purposes of sec. 632.32(4)(a)1.[1] The trial court

---

[1] Section 632.32(4), Stats., provides in relevant part:

(4) REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the

granted Heritage Mutual's motion for summary judgment. We affirm.

■

We do not review the trial court's decision granting Heritage Mutual's motion for summary judgment; we independently apply the methodology set forth in sec. 802.08(2), Stats., to the record *de novo. Garcia v. Regent Ins. Co.*, 167 Wis. 2d 287, 294, 481 N.W.2d 660, 663 (Ct. App. 1992). The methodology we apply in summary judgment analysis has been stated often and we need not repeat it.*See In re Cherokee Park Plat*, 113 Wis. 2d 112, 115-16, 334 N.W.2d 580, 582-83 (Ct. App. 1983). Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Garcia,* 167 Wis. 2d at 294, 481 N.W.2d at 663.

■

The grant of summary judgment in this case depends on the interpretation of sec. 632.32, Stats. This interpretation is a question of law which we also review independently without deference to the trial court's interpretation. *Hemerley v. American Family Mut. Ins.*

---

ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:

(a) *Uninsured motorist.*1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $ 50,000 per accident. The insurer may increase the coverage limits provided under this paragraph up to the bodily injury liability limits provided in the policy.

2. In this paragraph uninsured motor vehicle also includes:

. . . .

b. An unidentified motor vehicle involved in a hit-and-run accident.

*Co.,* 127 Wis. 2d 304, 307, 379 N.W.2d 860, 862 (Ct. App. 1985).

Sandra does not argue on appeal that the terms of the Heritage Mutual policy provide coverage. The Wegners' insurance policy with Heritage Mutual provides coverage for bodily injuries caused by an uninsured motor vehicle. The policy explicitly defines this term to include those hit-and-run vehicles whose operator is unknown and *strikes* the insured car, policy holder, relative, or a vehicle which the policy holder or a relative is occupying. Because the gray car did not strike the Wegners' vehicle, the policy as written does not provide coverage. Instead, Sandra argues that the unidentified gray car is an uninsured motor vehicle within the meaning of Wisconsin's omnibus insurance statute, sec. 632.32(4)(a)2b or 1, Stats. Every policy of auto insurance issued in Wisconsin must provide at least as much protection as the statute, although insurers may broaden the coverage. *Amidzich v. Charter Oak Fire Ins. Co.,* 44 Wis. 2d 45, 53–54, 170 N.W.2d, 813, 817–18 (1969). Therefore, although the explicit terms of the policy would not cover damage caused by the gray car, the statute may require that coverage.

Sandra first argues that the unidentified gray car is an unidentified motor vehicle involved in a hit-and-run accident for which uninsured motorist coverage is mandated by sec. 632.32(4)(a)2b, Stats. Sandra attempts to distinguish the facts of *Hayne v. Progressive Northern Insurance Co.,* 115 Wis. 2d 68, 339 N.W.2d 588 (1983), from this case. *Hayne* interpreted the scope of sec. 632.32(4)(a)2b, and held that the section does not require uninsured motorist coverage for an accident involving an insured's vehicle and an unidentified motor vehicle when there was no physical contact between the

two vehicles. *Hayne,* 115 Wis. 2d at 69, 339 N.W.2d at 588. Sandra argues that because there was a hit between the Wegners' car and the van, the application of *Hayne* would mandate coverage.

The physical contact requirement stated in *Hayne* was based upon the court's examination of the term hit-and-run found in sec. 632.32(4)(a)2b, Stats. The court reasoned that the term hit-and-run is unambiguous and, according to its common and approved usage, requires an actual physical striking. *Hayne,* 115 Wis. 2d at 73–74, 339 N.W.2d at 590.

In dicta, the *Hayne* court pointed to its prior *Amidzich* decision as support for this interpretation. *Hayne,* 115 Wis. 2d at 76, 339 N.W.2d at 591–92. *Amidzich* involved the same type of accident as *Hayne.* Although the version of the omnibus statute at that time, sec. 204.30(5), Stats. (1967), did not provide coverage under the facts of *Amidzich,* the insured's policy provided similar coverage as the present version of sec. 632.32(4)(a)2b, Stats. The *Amidzich* policy defined a hit-and-run automobile as one which causes bodily injury to an insured arising out of physical contact of such automobile with the insured. *Amidzich* held that the plain meaning of the phrase physical contact was apparent and required a hit or touching between the vehicles. *Amidzich,* 44 Wis. 2d at 51, 170 N.W.2d at 816. *Amidzich* said this definition was supported further by the use of the term hit-and-run in the policy. *Id.*

*Hayne* in turn held that the legislature was presumably aware of the court's interpretation of hit-and-run in *Amidzich. Hayne,* 115 Wis. 2d at 84, 339 N.W.2d at 595. By use of that term, the legislature chose to provide coverage for only those accidents in which physical contact occurred. *Id.*

Sandra's reasoning is that unlike *Amidzich* and *Hayne,* in this case there was physical contact between two of the vehicles. She argues that a dissection of the analysis in *Hayne* reveals four steps to determine if a vehicle is an uninsured motor vehicle under sec. 632.32(4)(a)2b, Stats.: (1) the vehicle is unidentified; (2) the vehicle was involved in the accident; (3) the accident consisted of physical contact; and (4) the drivers of vehicles involved fled from the scene. Sandra gives no citation for the source of this analysis and we do not believe this is a correct interpretation of *Hayne.*

Sandra acknowledges that this reading of the statute would provide greater protection to her than the plaintiff in *Hayne* or the driver of the Interiors/Exteriors van, if he had been injured due to the negligence of the gray car's driver. Sandra reasons that these arguments merely expose the irony of the legislative drafting and should not alter this court's interpretation of the plain meaning of the statute. She urges us to follow the interpretation she champions because it would further the purpose of the statute as found in *Vidmar v. American Family Mutual Insurance Co.,* 104 Wis. 2d 360, 370, 312 N.W.2d 129, 133 (1981), overruled on other grounds, *Welch v. State Farm Mutual Insurance Co.,* 122 Wis. 2d 172, 361 N.W.2d 680 (1985)—to compensate an injured who is a victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured.

Unrealistic and unreasonable interpretations of statutes are to be avoided. *Maxey v. Redevelopment Auth.,* 120 Wis. 2d 13, 20, 353 N.W.2d 812, 816 (Ct. App. 1984). If possible we should accept a reading that avoids an absurdity. *Richland School Dist. v. DILHR,* 166 Wis. 2d 262, 276, 479 N.W.2d 579, 585 (Ct. App. 1991). The

clear statutory language of sec. 632.32(4)(a)2b, Stats., reflects a legislative intent that the statute apply only to accidents in which there has been physical contact. *Hayne,* 115 Wis. 2d at 74, 339 N.W.2d at 591. The language also reflects that the statute apply only to unidentified vehicles involved in such an accident. Although Sandra would like us to read these requirements disjunctively, we hold that the only reasonable reading of the statute is that the unidentified vehicle must be involved with the physical contact. This reading would preserve the justification for the physical contact requirement, *i.e.,* the prevention of fraudulent claims. *See Hayne,* 115 Wis. 2d at 94, 339 N.W.2d at 600 (Abrahamson, J., dissenting). This reading is also consistent with the earlier decisions of *Amidzich* and *Hayne.* Furthermore, it would be unreasonable for the statute to provide coverage for the actions of a vehicle more remotely connected with the injury than those in *Hayne* and *Amidzich.* Therefore, we find that Sandra's complaint does not state a claim against Heritage Mutual under sec. 632.32(4)(a)2b and summary judgment was properly granted.

Sandra also argues that whether the gray car falls within the definition of uninsured motor vehicle in sec. 632.32(4)(a)1, Stats., is a question of fact for the jury to decide. Sandra mischaracterizes the essence of her argument. We agree that summary judgment methodology prohibits courts from deciding an issue of fact. *Cherokee Park Plat,* 113 Wis. 2d at 116, 334 N.W.2d at 583. Here, the trial court granted summary judgment to Heritage Mutual because accepting all allegations and any set of facts supporting those allegations as true, it held that Sandra's complaint failed to state a claim against Heritage Mutual under sec. 632.32(4)(a)1. Whether a particular set of facts states a claim is a question of law for the

court to decide. *Blue Cross & Blue Shield United v. Fireman's Fund Ins. Co.,* 132 Wis. 2d 62, 64, 390 N.W.2d 79, 80 (Ct. App. 1986), *aff'd,* 140 Wis. 2d 544, 411 N.W.2d 133 (1987).

In part, Sandra's discussion supporting her argument implies that there should be a presumption that an unidentified vehicle is uninsured where there is substantial evidence showing that the plaintiff has made all reasonable efforts to find the vehicle and determine whether it was uninsured. Sandra cites the Missouri case of *Stuart v. State Farm Mutual Automobile Insurance Co.,* 699 S.W.2d 450 (Mo. Ct. App. 1985), and cases therein for this proposition. If this presumption were the law in Wisconsin, then Sandra's allegations may state a claim; but Sandra cites no Wisconsin authority for such a presumption. As this court is an error correcting court, *Hillman v. Columbia County,* 164 Wis. 2d 376, 396, 474 N.W.2d 913, 920 (Ct. App. 1991), we decline to adopt such a rule under these circumstances.

*By the Court.*—Judgment affirmed.