Christine A. TRAMPF, Plaintiff-Appellant,

Michael J. TRAMPF, Plaintiff,

v.

PRUDENTIAL PROPERTY & CASUALTY COMPANY,
Defendant-Respondent,

Seppi GORECKI, Defendant.

Court of Appeals

*No. 95–0264. Submitted on briefs November 20,
1995.—Decided January 17, 1996.*

(Also reported in 544 N.W.2d 596.)

380

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Beth D. Osowski* of *Curtis, Wilde & Neal Trial Lawyers* of Oshkosh.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Susan J. Reigel* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J. Christine A. Trampf appeals from a trial court order granting summary judgment to Prudential Property & Casualty Company (Prudential). The trial court found that Trampf's uninsured motorist (UM) coverage through Prudential did not cover injuries she sustained when a dog, tethered in the open bed of an uninsured vehicle, bit her. Because we conclude that the extent of UM coverage is governed by the ability of the injured party to recover from the insurance company of the responsible party, and not by the language of the UM policy, we reverse.

The facts are undisputed. Seppi Gorecki parked his vehicle, a Jeep Scrambler, in a restaurant parking lot and went inside to dine. Gorecki's two dogs were tethered to the vehicle's roll bar.[1] A car in which Trampf was a passenger entered the lot and parked next to Gorecki's vehicle. As Trampf walked between the car and the Jeep, one of Gorecki's dogs bit Trampf in the face.

Gorecki had no liability insurance for his vehicle at the time of the incident. Consequently, Trampf sought

---

[1] The Jeep Scrambler has an open bed, similar to that of a pickup truck.

to recover from Prudential under her UM coverage. Prudential moved for summary judgment claiming that the facts were undisputed and that under the language of its policy it did not provide coverage for this incident. The trial court granted summary judgment for Prudential, and Trampf now appeals.

In reviewing a grant of summary judgment, this court applies the same methodology as the trial court without deference to the lower court's conclusions. *Limjoco v. Schenck,* 169 Wis. 2d 703, 709, 486 N.W.2d 567, 569 (Ct. App. 1992). We independently examine the record to determine whether the moving party is entitled to judgment as a matter of law. *Backhaus v. Krueger,* 126 Wis. 2d 178, 180, 376 N.W.2d 377, 378 (Ct. App. 1985). We owe no deference to the trial court's conclusions of law. *Id.*

Prudential argues that its UM policy does not provide coverage for this incident. Prudential relies upon the language of its policy, which states in relevant part:

**IF YOU ARE HIT BY A MOTOR VEHICLE THAT IS UNINSURED**

. . . .

**UNINSURED MOTORISTS COVERAGE**

If **you** have this coverage (see the Declarations), **we** will pay up to **our** limit of liability for **bodily injury** that is covered under this part when an insured (whether or not occupying a **car**) is struck by an uninsured **motor vehicle. Our** payment is based on the amount that an insured is legally entitled to recover for **bodily injury** but could not collect from the owner or driver of the uninsured **motor vehicle** because:

384

## • THE OWNER OR DRIVER IS NOT INSURED

Prudential claims that because Trampf was not "hit" or "struck" by a motor vehicle, coverage is precluded for this incident.

■

The language contained in Prudential's policy is not dispositive. The purpose of uninsured motorist coverage is to compensate an insured individual who is the victim of an uninsured motorist's negligence. *Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 591, 405 N.W.2d 327, 331 (1987). "Uninsured motorist coverage essentially substitutes for insurance that the tortfeasor should have had." *Id.* at 592, 405 N.W.2d at 331.

■

The requirement of providing UM coverage is outlined in § 632.32(4), STATS. The application of a statute to undisputed facts presents a question of law which we review independently of the trial court. *See Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). Section 632.32(4) states in relevant part:

> REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section that insures with respect to any motor vehicle . . . against loss resulting from liability imposed by law . . . arising out of the ownership, maintenance or use of a motor vehicle shall contain therein . . .
> (a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury . . . .

This section establishes the UM coverage required in every motor vehicle policy issued. Under subsec. (4), a UM policy must provide coverage in any instance where the insured is legally entitled to recover from the uninsured driver for injuries.

Section 632.32(4), STATS., does not list any requirement that the individual must be "hit" or "struck" by a motor vehicle in order to collect. An insurance policy may expand but not reduce the coverage required by this section. *Nicholson,* 137 Wis. 2d at 604-05, 405 N.W.2d at 336. Any policy provisions which have the effect of restricting the coverage required under the UM statute are void. *See id.* at 605, 405 N.W.2d at 336; *see also St. Paul Mercury Ins. Co. v. Zastrow,* 166 Wis. 2d 423, 437-38, 480 N.W.2d 8, 15 (1992). We conclude that the provisions of Prudential's policy which restrict UM coverage to instances where an insured is "hit" or "struck" by a motor vehicle are without effect.

Prudential argues that the provisions of § 632.32(5)(e), STATS., negate this conclusion. This subsection states:

> (e) A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b).

Prudential correctly construes this statute to say that a policy may provide exclusions not prohibited by law.[2] Prudential then points to its policy language limiting insurability to instances where a person is "hit" by

---

[2] The exclusions prohibited by § 632.32(6), STATS., relate to employees of motor vehicle handlers and persons related by

a motor vehicle and where bodily injury results from being "struck." Prudential asserts that the foregoing language does not violate applicable law and is therefore allowed. Prudential is wrong. The words "hit" and "struck" act to reduce the amount of coverage mandated by § 632.32(4), STATS. As such, under *Nicholson*, the policy language is invalid. Prudential's reliance on § 632.32(5)(e) is therefore misplaced.

■

Having determined that the restrictive UM policy language is void, we next address the extent of coverage under an automobile liability policy for injuries not caused by the operation of the vehicle. As stated before, the purpose of UM coverage is to substitute for insurance that the tortfeasor should have had. *Nicholson*, 137 Wis. 2d at 592, 405 N.W.2d at 331. Therefore, we conclude that Trampf's coverage is determined by Gorecki's liability for the dog bite.

Under § 344.33(2), STATS., Gorecki was required to have a motor vehicle liability policy which protects "against loss from the liability imposed by law for damages arising out of the *maintenance or use* of the motor vehicle." The issue is whether the dog bite arose out of the "use" of Gorecki's Jeep. If that is the case, then Gorecki's liability insurance would have covered Trampf's injuries, and Trampf could collect through her UM coverage.

Prudential argues that the facts here are so attenuated from the use of the vehicle that this is not a risk contemplated by its policy. We disagree. Several Wisconsin cases have addressed the issue of what constitutes the "use" of a motor vehicle.

blood or marriage to the insured and are not relevant to this case.

In *Thompson v. State Farm Mut. Auto. Ins. Co.,* 161 Wis. 2d 450, 463, 468 N.W.2d 432, 437 (1991), the supreme court determined that the accidental shooting of a passing motorist by a deer hunter seated in the bed of a pickup truck did arise out of the use of the vehicle.[3] In another case, a gun discharged as it was being taken from a vehicle, killing the driver. *Allstate Ins. Co. v. Truck Ins. Exch.,* 63 Wis. 2d 148, 157, 216 N.W.2d 205, 209 (1974). There, the court determined that the loading and unloading of hunting equipment fell within the use of the vehicle. *Id.* at 158, 216 N.W.2d at 210.

This court has determined that leaving a child in a truck while running an errand is consistent with the use and inherent nature of a vehicle. *Tasker v. Larson,* 149 Wis. 2d 756, 761, 439 N.W.2d 159, 161 (Ct. App. 1989). In that case, an unattended child was injured when he was struck by a car after exiting his father's parked truck. *Id.* at 758, 439 N.W.2d at 159-60. Similarly, a driver's call and gesture to a child which resulted in her being struck by an oncoming car while crossing the street was held to constitute the use of a vehicle within policy language. *Garcia v. Regent Ins. Co.,* 167 Wis. 2d 287, 295-96, 481 N.W.2d 660, 664 (Ct. App. 1992).

We contrast with the previous examples *Tomlin v. State Farm Mut. Auto. Liab. Ins. Co.,* 95 Wis. 2d 215, 290 N.W.2d 285 (1980). There, the supreme court stated that the term "use" cannot include a use that is

---

[3] *Thompson v. State Farm Mut. Auto. Ins. Co.,* 161 Wis. 2d 450, 452, 468 N.W.2d 432, 432-33 (1991), dealt with a physically impaired hunter, so it did not address the issue of the illegality of hunting from a vehicle. In *Kemp v. Feltz,* 174 Wis. 2d 406, 412-13, 497 N.W.2d 751, 754 (Ct. App. 1993), the court expanded the holding of *Thompson* to include those illegally hunting from a motor vehicle.

completely foreign to a vehicle's inherent purpose. *Id.* at 225, 290 N.W.2d at 290. A driver's act of stabbing a police officer while the officer was removing beer cans from the automobile was too attenuated from a use reasonably contemplated by the parties, and no coverage was afforded under the automobile liability policy. *See id.* at 217, 224, 290 N.W.2d at 287, 290.[4]

██

In considering whether a particular incident falls within an expected use of a vehicle, the fact that a negligent act was not foreseen or expected is not determinative. *See Thompson,* 161 Wis. 2d at 459, 468 N.W.2d at 436. "The fact that the activities that occurred here . . . could have occurred and the accident taken place without the use of the vehicle is irrelevant." *Tasker,* 149 Wis. 2d at 761, 439 N.W.2d at 161.

As long as a causal connection exists between the injury and the risk for which coverage is provided, it is not necessary for the vehicle to have caused the injuries. *See Thompson,* 161 Wis. 2d at 462, 468 N.W.2d at 437. The accident producing the injury must simply bear a causal relationship to the inherent use of the vehicle. *See Tomlin,* 95 Wis. 2d at 225, 290 N.W.2d at 291.

We conclude that transporting dogs in the bed of a vehicle is a use which may reasonably be contemplated by an insurer. Just as it is not uncommon for individu-

---

[4] In a similar holding, this court determined that the injury of a vehicle's driver, who was shot by a homeowner when he discovered the vehicle's passengers vandalizing his mailbox, did not arise out of the use of the vehicle. *Snouffer v. Williams,* 106 Wis. 2d 225, 227, 316 N.W.2d 141, 142 (Ct. App. 1982). We concluded that the injuries bore no causal relationship to the inherent use of an automobile as contemplated by an insurer. *Id.*

als to use their vehicles for hunting or to leave children momentarily unattended while running errands, it is not unusual for owners of vehicles to transport dogs in the bed.

A dog bite, while unfortunate, is not a completely unexpected occurrence. The dogs' presence in the Jeep put the animals at a height whereby this damage could be inflicted. We conclude that transporting dogs is consistent with a reasonably contemplated use of a vehicle and that Trampf's injuries were an expected risk of that use. Accordingly, we reverse the grant of summary judgment to Prudential.

*By the Court.*—Order reversed.