Ryan DEHNEL, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Respondent,

WEA INSURANCE CORPORATION, Defendant.

Court of Appeals

*No. 98–3187. Submitted on briefs June 4, 1999.—Decided September 30, 1999.*

(Also reported in 604 N.W.2d 575.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *David E. Sunby* of *Habush, Habush, Davis & Rottier, S.C.* of Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Claude J. Covelli* of *Boardman, Suhr, Curry & Field LLP* of Madison.

Before Eich, Vergeront and Roggensack, JJ.

ROGGENSACK, J. Because we conclude that no hit-and-run occurred when Ryan Dehnel's vehicle was struck by ice that dislodged from an unidentified semi-trailer as it passed him, the semitrailer was not an uninsured vehicle for which coverage was required by Dehnel's automobile liability policy with State Farm Mutual Automobile Insurance Company. Therefore, we affirm the circuit court's dismissal of Dehnel's claim against State Farm.

## BACKGROUND

On December 2, 1996, Dehnel was driving west-bound on State Highway 110 when a semitrailer traveling eastbound passed him. Coincident with the passing of the semitrailer, a piece of ice hit the windshield of Dehnel's car, breaking the windshield and causing him injury. Dehnel does not know with absolute certainty from whence the ice came, but believes that it came off of the top of the semi as it passed him.[1] There were no witnesses to the accident, aside from Dehnel, and the identities of the semi's owner and

---

[1] The parties accepted this assertion as a fact for purposes of the summary judgment motion.

15

driver remain unknown. No part of the semitrailer collided with or touched Dehnel's vehicle, prior to or after the ice broke the windshield of his car.

Dehnel is insured by State Farm under an automobile liability policy. He made a claim under the uninsured motor vehicle provision of his policy for this accident. When his claim was denied, he sued State Farm. State Farm moved for summary judgment, asserting there was no uninsured motorist coverage for this type of an accident because it was not "a hit-and-run" within the meaning of the policy or within the meaning of § 632.32(4)(a)2.b., STATS. The circuit court agreed with State Farm and this appeal followed.

## DISCUSSION

### Standard of Review.

■

Construction of a statute, or its application to undisputed facts, is a question of law which we decide independently, without deference to the circuit court's determination. *See Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997).

### Statutory Requirements.

There are two methods by which this accident may be covered by the State Farm policy. The first is if the statute requires it and the second is if the policy requires it. As we have concluded previously, "[e]very policy of auto insurance issued in Wisconsin must provide at least as much protection as the statute [requires], although insurers may broaden the coverage." *Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 124, 496 N.W.2d 140, 142 (Ct. App. 1992). Here, Dehnel

16

concedes that if the policy language was controlling, there would be no coverage for this accident. Therefore, he relies entirely on § 632.32(4)(a)2.b., STATS.

Section 632.32(4)(a)2.b., STATS., states in relevant part:

> **(4)** Required uninsured motorist and medical payments coverages. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:
>
> (a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury . . . in limits of at least $25,000 per person and $50,000 per accident.
>
> 2. In this paragraph "uninsured motor vehicle" also includes: . . .
>
> b. An unidentified motor vehicle involved in a hit-and-run accident.

The argument that Dehnel makes here is twofold: (1) coverage should be afforded because our decision in *Trampf v. Prudential Property & Casualty Co.*, 199 Wis. 2d 380, 544 N.W.2d 596 (Ct. App. 1996), concluded that no hitting or striking was required to afford uninsured motorist coverage, and (2) *Wegner* and *Hayne v. Progressive Northern Insurance Co.*, 115 Wis. 2d 68, 339 N.W.2d 588 (1983), are distinguishable because there was an actual striking, albeit with ice, rather than by the unidentified vehicle, itself.

17

In regard to Dehnel's first contention, that this court in *Trampf* concluded that no hitting or striking was required for uninsured motorist coverage, the argument has no merit because no question about the uninsured motorist status of the vehicle was involved. The parties agreed that the vehicle was uninsured. Instead, the issue presented in *Trampf* was whether under the facts of the case, the injury arose out of the use of an automobile.

Additionally, this court reviewed § 632.32(4)(a)2.b., STATS., when we discussed a "miss-and-run" in *Wegner*.[2] There, one car suddenly swerved into the path of a van, which caused the van to swerve into the path of the Wegners' automobile. *See Wegner*, 173 Wis. 2d at 121, 496 N.W.2d at 141. This forced the Wegners off the highway and their car struck a railroad crossing tower. *See id.* Neither the van nor the car that initially caused the problem stopped to assist the Wegners. *See id.* We concluded that because the car that initially started the chain of events did not strike the Wegners' vehicle, the statute did not require coverage. *See id.* at 126–27, 496 N.W.2d at 144. As part of our discussion in *Wegner*, we rejected the argument that an unidentified vehicle was presumed to be uninsured, thereby requiring that the unidentified vehicle meet the criteria of a statutory hit-and-run in order to cause it to be an uninsured vehicle for which coverage was required. *See id.* at 127, 496 N.W.2d at 144. Here, because we concluded in *Wegner* that we would not presume that all unidentified vehicles were uninsured, the only way in which the semitrailer could be defined

---

[2] "Miss-and-run" is a term used in various cases to describe incidents in which an unidentified vehicle caused an accident, but did not actually make physical contact with the insured vehicle.

an uninsured vehicle is if what occurred were a hit-and-run. That question was never presented nor answered in *Trampf*. Therefore, *Trampf* provides no support for concluding that Dehnel was injured in a hit-and-run accident.

We note that § 632.32(4)(a)2.b., STATS.,[3] was reviewed by the supreme court in *Hayne*. There, the issue on appeal was whether § 632.32(4)(a)2.b. required uninsured motorist coverage when there was an unidentified motor vehicle involved in the sequence of events that led to an accident, but there was no physical contact between the unidentified vehicle and the vehicle that suffered damage. *See Hayne*, 115 Wis. 2d at 69, 339 N.W.2d at 588.

Hayne was operating a motor vehicle that was insured by Progressive, when he swerved to avoid an oncoming vehicle. *See id.* He lost control of his vehicle and it overturned; however, there was no physical contact between Hayne's vehicle and the other vehicle. *See id.* The other driver and the owner of the other vehicle were never determined. In setting the parameters for its review, the supreme court stated the issue as: "[To] determine whether the uninsured motorist coverage mandated by sec. 632.32(4)(a)2.b., Stats., includes coverage for an accident involving an unidentified motor vehicle when there was no physical contact between the vehicles involved in the accident." *Id.* at 72, 339 N.W.2d at 590. In construing the statute to answer the question presented, the supreme court concluded that the statutory language was clear and unambiguous. *See id.* at 74, 339 N.W.2d at 590. It then applied the common and accepted meaning of the terms the legisla-

---

[3] The subsection of the statute at issue here is the same as it was in 1983, except that the dollar amounts for the coverages required have been increased.

ture chose and concluded that the "clear statutory language of sec. 632.32(4)(a)2.b. reflects a legislative intent that the statute apply only to accidents in which there has been physical contact." *Id.* at 74, 339 N.W.2d at 591. The court further explained what it meant by physical contact when it stated that, "the plain meaning of the phrase 'physical contact' is apparent and requires *a hit or touching between the vehicles." Id.* at 78, 339 N.W.2d at 592 (emphasis added). The supreme court also concluded that the legislature was well aware that "hit-and-run" provisions in most insurance policies require an element of physical contact by the unidentified vehicle, and if the legislature had wanted to change that general contractual provision, it could have done so in § 632.32(4)(a)2.b., but it did not. *See id.* at 84, 339 N.W.2d at 595.

However, Dehnel's second contention does present a question for which § 632.32(4)(a)2.b., STATS., has not been interpreted; that is, whether the striking by an object once carried by an unidentified vehicle is sufficient to meet the physical contact requirement of the statute. Other jurisdictions have examined similar questions and have arrived at differing conclusions. In some jurisdictions where there is a statutory requirement of coverage for a hit-and-run accident, the state courts have declined to extend the meaning of "physical contact" to include an accident caused by an object once carried by an unidentified vehicle. *See, e.g., Texas Farmers Ins. Co. v. DeVille*, 988 S.W.2d 331 (Tex. App. 1999) (the insured was not involved in a hit-and-run when he was injured by a water pump which fell from a truck traveling in front of the insured, bounced on the road and then hit the insured).

A similar result to that reached in *DeVille* was reached in *Smith v. Great American Insurance Co.*, 272

N.E.2d 528 (N.Y. Ct. App. 1971). There, snow and ice were dislodged from a semitrailer as it passed the plaintiff's automobile. *See id.* at 528–29. The snow and ice struck and shattered Smith's windshield causing injuries. *See id.* In interpreting New York statutes, the court determined that there was no hit-and-run, even though the semi's driver did not stop, because: (1) the striking had an indirect relationship to the semi; (2) there was no evidence that the semi driver was negligent; and (3) uninsured motorist coverage is to provide only that coverage for which a tortfeasor would otherwise be responsible. *See id.* at 529–31.

Different results have occurred when an insurance policy is being interpreted, rather than a statute. On those occasions, any doubt about coverage is resolved against the insurer. *See, e.g., Atwood v. State Farm Mut. Ins. Co.*, 587 N.E.2d 936, 937 (Ohio Ct. App. 1990) (physical contact element satisfied when a vehicle drops part of its load causing injury to another motorist, so long as the dropped item had not come to rest at the time it struck the insured); *Barfield v. Insurance Co. of N. Am.*, 443 S.W.2d 482, 486 (Tenn. Ct. App. 1968) (stone thrown from the rear wheels of an unidentified dump truck which struck insured's windshield and face causing injury was a covered hit-and-run because the language of the policy did not clearly state that a hit-and-run involved only direct contact with an unidentified vehicle).

As we review § 632.32(4)(a)2.b., STATS., under the facts of this case, we note that *Hayne* concluded that § 632.32(4)(a)2.b. is clear and unambiguous. *See Hayne*, 115 Wis. 2d at 74, 339 N.W.2d at 590. While the question presented in *Hayne* was not a striking by an object once carried upon a vehicle, the statute does not become ambiguous due to that factual change. The type

21

of physical contact which is required under § 632.32(4)(a)2.b. has been described by the supreme court as a "touching between the vehicles." *See Hayne*, 115 Wis. 2d at 78, 339 N.W.2d at 592. However, the physical contact that occurred here was not between any part of the semi and Dehnel's vehicle. Rather, it was an indirect touching, in that the ice was not even an integral part of the unidentified vehicle, such as a tire that had become unattached.[4]

We also note that enlarging the statutory interpretation established by the supreme court to cover extraneous objects that may be carried by vehicles would have no reasonable ending point for coverage. For example, would coverage then be afforded if the ice had come off the semi in front of the insured, but had ended up on the highway, causing the insured to swerve to miss it, thereby striking an oncoming vehicle? Or, should coverage be afforded if a piece of metal dropped from an overpass onto a vehicle passing underneath it, causing injury to the driver and to the vehicle, when it could not be ascertained whether someone had thrown the piece of metal off of the overpass or whether it had fallen off of a vehicle traversing the overpass?

---

[4] *See Yutkin v. United States Fidelity & Guar. Co.*, 497 N.E.2d 471 (Ill. App. Ct. 1986) (where the court considered whether an insured met the physical contact requirement when a tire laying in the road was struck causing damage). The Wisconsin Supreme Court has accepted certification of a case involving a similar issue. *See Theis v. Midwest Sec. Ins. Co.*, No. 98–2552 (Wis. Ct. App. June 23, 1999), *pet. for certification granted* (Wis. July 23, 1999) (asking the supreme court to decide whether an insured is entitled to coverage for an uninsured motorist if the insured is injured by an integral part of an unknown vehicle that hit the insured causing damage).

Additionally, enlarging the scope of coverage afforded under the statutes may run contrary to the policies that underlie uninsured motorist coverage. For example, we would have to presume that the semi's driver was negligent and that the driver's negligence was a cause of the accident, because uninsured motorist coverage is to provide payment for which a tortfeasor would be legally obligated, if the driver's identity were known. *See* § 632.32(4)(a)1., Stats.

Furthermore, an expansion of the coverage afforded by § 632.32(4)(a)2.b., Stats., was thoroughly discussed by the dissent in *Hayne*. The dissent urged that the statute was ambiguous and should require coverage of accidents caused by a "miss-and-run." *See Hayne*, 115 Wis. 2d at 89–90, 339 N.W.2d at 598 (Abrahamson, C.J., dissenting). The majority soundly rejected a broad reading of the statute:

> [T]he legislature was confronted with two distinct policy choices: One, it could define uninsured motor vehicle to include an unidentified motor vehicle involved in an accident, regardless of whether physical contact occurred; or two, it could define uninsured motor vehicle to include an unidentified motor vehicle involved in a "hit-and-run" accident. The legislature chose the second alternative.

*Hayne*, 115 Wis. 2d at 84, 339 N.W.2d at 595. Therefore, we are constrained from enlarging the statutory interpretation established by the supreme court, and we conclude that no hit-and-run occurred here. Accordingly, we affirm the judgment of the circuit court.

23

## CONCLUSION

Because we conclude that no hit-and-run occurred when Dehnel's vehicle was struck by ice that dislodged from an unidentified semitrailer as it passed him, the semitrailer was not an uninsured vehicle for which coverage was required by Dehnel's automobile liability policy with State Farm. Therefore, we affirm the circuit court's dismissal of Dehnel's claim against State Farm.

*By the Court.*—Judgment affirmed.