Gary K. SMITH, Plaintiff-Appellant,†

v.

GENERAL CASUALTY INSURANCE COMPANY, Defendant-Respondent,

RONALD A. BLAIN and Freight Systems, Inc., Defendants.

Court of Appeals

*No. 98–1849. Submitted on briefs August 4, 1999.—Decided September 7, 1999.*

(Also reported in 601 N.W.2d 844.)

†Petition to review granted.

411

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Andrew Mishlove* of *Law Offices of Andrew Mishlove* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jacqueline E. Frakes* of *Eiche & Frakes, S.C.* of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

WEDEMEYER, P.J.   Gary K. Smith appeals from a summary judgment entered dismissing General Cas-

ualty Insurance Company, the uninsured motorist insurance carrier, from a lawsuit arising out of a hit-and-run chain reaction automobile accident. Smith claims that General Casualty should not have been dismissed because both case law and § 632.32(4), STATS., mandate uninsured motorist coverage under the facts presented here. Because neither the case law nor the statute requires uninsured motorist coverage under the allegations presented, we affirm.

## I. BACKGROUND

On November 16, 1993, Ronald A. Blain was driving his semi-truck eastbound on Interstate 94 near the Rawson Avenue exit. He claimed that an unidentified motor vehicle collided with the left-front tire of his truck, forcing him to move into the next lane of traffic. As Blain entered the other lane, his truck collided with Smith, who was driving the car insured by General Casualty.

Smith sued both Blain, alleging that he was negligent, and General Casualty as the uninsured motor vehicle carrier for the car Smith was driving. General Casualty moved for summary judgment, alleging that its insurance policy would not provide coverage to Smith because there was no "hit" or contact between the unidentified motor vehicle and the Smith vehicle. The trial court granted summary judgment to General Casualty. Smith now appeals.

## II. DISCUSSION

The issue in this case presents a question of first impression:[1] whether our uninsured motorist (UM)

---

[1] Smith filed a motion requesting that we certify this issue to the Wisconsin Supreme Court. That motion is denied.

statute, § 632.32(4), STATS., and case law interpreting it, mandate coverage in a chain-reaction collision despite policy language to the contrary.[2] General Casualty's policy provides in pertinent part:

> "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
>
> . . . .
>
> 3.    Which is a hit-and-run vehicle whose owner or operator cannot be identified and which hits:
>
>     a.    You or any "family member;"
>
>     b.    A vehicle which you or any "family member" are "occupying;" or
>
>     c.    "Your covered auto."

This case involves a three-vehicle collision where the hit-and-run vehicle allegedly initiated the collision by colliding with the Blain truck which, as a result, col-

---

[2] In his reply brief, Smith makes a feeble argument that the language of the policy can be interpreted to trigger coverage. He argues that the hit-and-run vehicle did "collide with the insured vehicle" albeit indirectly, because the hit was to the truck, which, in turn, hit the vehicle that Smith was operating. We reject this strained construction. General Casualty's policy is clear that to trigger coverage, the hit-and-run vehicle must have physical contact with (1) you or a family member, (2) a vehicle occupied by you or a family member, or (3) your covered auto. Therefore, there is no UM coverage under the policy language. The focus of this opinion is whether the UM statute mandates UM coverage under the facts presented, which would require that General Casualty's policy be amended to conform to the statutory requirement.

lided with the vehicle operated by Smith. In other words, the hit-and-run vehicle had contact with Blain's truck, but did not have any direct contact with the car insured by General Casualty.

The case arises from a grant of summary judgment. Accordingly, our review is independent of that of the trial court. *See Garcia v. Regent Ins. Co.*, 167 Wis. 2d 287, 294, 481 N.W.2d 660, 663 (Ct. App. 1992). We eschew repeating summary judgment rubric here as it is well-known. *See Preloznik v. City of Madison*, 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983) (setting out the complete summary judgment methodology).

Smith argues that General Casualty's policy should be interpreted to provide UM coverage because this is not a "miss-and-run" case, *see Amidzich v. Charter Oak Fire Ins. Co.*, 44 Wis. 2d 45, 170 N.W.2d 813 (1969), but rather a three-vehicle chain reaction case. Smith also claims that both case law and the UM statute provide support for finding UM coverage in a chain reaction situation. We do not agree.

Our UM statute, § 632.32(4)(a)2b, STATS., requires that uninsured motorist provisions include coverage for "[a]n unidentified motor vehicle involved in a hit-and-run accident." Smith argues that this statutory language is broad enough to apply to the chain reaction accident here. We rejected a similar argument in *Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 496 N.W.2d 140 (Ct. App. 1992). We reasoned that, for an uninsured motorist provision to apply, there must have been physical contact between the hit-and-run vehicle and the insured's vehicle. *See id.* at 126–27, 496 N.W.2d at 144. We noted that such a requirement was

consistent with *Amidzich* and *Hayne v. Progressive Northern Ins. Co.*, 115 Wis. 2d 68, 339 N.W.2d 588 (1983), and preserved "the justification for the physical contact requirement, i.e., the prevention of fraudulent claims." *Wegner*, 173 Wis. 2d at 127, 496 N.W.2d at 144.

These three cases, *Amidzich, Hayne,* and *Wegner* control the issue presented here. In *Amidzich,* an unidentified driver forced the plaintiff off the road, but there was no contact between the vehicles. *See* 44 Wis. 2d at 48, 170 N.W.2d at 814. Our supreme court found that this situation did not trigger UM coverage under the hit-and-run definition because the unidentified vehicle did not actually have contact with the plaintiff's vehicle. *See id.* at 51, 170 N.W.2d at 816. In *Hayne*, the plaintiff, after swerving to avoid an oncoming vehicle, lost control of his vehicle and it overturned. *See* 115 Wis. 2d at 69, 339 N.W.2d at 588. Our supreme court again held that, absent the physical contact between the hit-and-run vehicle and the plaintiff's vehicle, no UM coverage is triggered. *See id.* at 74, 339 N.W.2d at 590–91. In *Wegner*, a car swerved into the path of a van, and the van, attempting to avoid the car, swerved into the path of the plaintiffs' car. *See* 173 Wis. 2d at 121, 496 N.W.2d at 141. The plaintiffs were forced off the highway, where they struck a railroad-crossing tower. *See id.* Neither vehicle stopped to assist the plaintiffs. *See id.* It was undisputed that the first car had not struck either the van or the plaintiffs, but it was disputed as to whether the van struck the plaintiffs. *See id.* We concluded that, even in this factual scenario, UM coverage was not mandated by the statute because there was no contact between the "initiating vehicle" and the vehicle of the driver who

was seeking to invoke UM coverage. *See id.* at 127, 496 N.W.2d at 144.

■

Here, Smith claims that because the complaint alleges that the hit-and-run vehicle struck the truck, which forced the truck into his lane striking the car he was driving, this case presents a scenario distinguishable from the line of cases discussed above. Although the instant case presents a slight variation in that it is alleged that the initiating vehicle did hit the truck, whereas in *Wegner*, the initiating vehicle did not come into physical contact with the van, we are not convinced that this case compels a conclusion different from *Wegner*. In *Wegner*, we restated the long-standing position in Wisconsin that "hit-and-run," as used in § 632.32(4)(a)2b, STATS., "is unambiguous and, according to its common and approved usage, requires an actual physical striking." *Wegner*, 173 Wis. 2d at 125, 496 N.W.2d at 143. Given the facts of *Wegner*, this phrase can only be understood to mean that there must be an allegation of contact between the unidentified vehicle and the driver seeking to invoke the uninsured motorist provision of his or her policy. This conclusion is consistent with the reasoning espoused in *Hayne*, where the court performed a complete analysis of the UM statute and discussed legislative intent. *See* 115 Wis. 2d at 73–85, 339 N.W.2d at 590–96. The court noted that when the UM statute was revised, the legislature was aware of both the case law requiring physical contact and the "standard insurance policy provisions relating to uninsured motorist coverage." *Id.* at 84, 339 N.W.2d at 595. Despite this, the legislature did not alter the language to require coverage in "miss-and-run" cases or chain reaction collisions where the

417

hit-and-run vehicle did not have physical contact with the vehicle seeking UM coverage.

We conclude from the foregoing, that UM coverage exists under the statute only when there is physical contact between the hit-and-run vehicle and the vehicle whose driver is seeking UM coverage. This conclusion is consistent with the policy underlying the physical contact requirement, including prevention of fraudulent claims.[3]

In sum, we conclude that the trial court did not err when it granted summary judgment to General Casualty.

*By the Court.*—Judgment affirmed.

FINE, J. *(dissenting)*. This case is governed by the clear language of § 632.32(4)(a)2.b., STATS., which requires uninsured-motorist coverage in Wisconsin when the accident for which coverage is sought is caused by an "uninsured motor vehicle." The statute defines "uninsured motor vehicle" to mean, among other things, "[a]n unidentified motor vehicle involved in a hit-and-run accident." Unlike the General Casualty policy, the statute does not require that there be physical contact between the uninsured motor vehicle and the insured's car; it merely requires that the

---

[3] We acknowledge Smith's recitation of courts in foreign jurisdictions which have unanimously concluded that there need not be physical contact between the initiating vehicle and the vehicle seeking UM coverage when the accident involves a chain reaction but, the "indirect physical contact" of the intermediary vehicle is sufficient to satisfy the physical contact requirement. We decline to address these cases, however, because existing Wisconsin cases control the issue presented here.

"unidentified motor vehicle" be "involved in a hit and run accident." The statute of course, controls.

Before an "unidentified motor vehicle" can be "involved in a hit-and-run accident" the unidentified motor vehicle must have both "hit" and "run." *See Hayne v. Progressive Northern Ins. Co.*, 115 Wis. 2d 68, 74, 339 N.W.2d 588, 591 (1983) ("The clear statutory language of sec. 632.32 (4) (a) 2.b. reflects a legislative intent that the statute apply only to accidents in which there has been physical contact."); *Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 127, 496 N.W.2d 140, 144 (Ct. App. 1992) ("[T]he only reasonable reading of the statute is that the unidentified vehicle must be involved with the physical contact. This reading would preserve the justification for the physical contact requirement, i.e., the prevention of fraudulent claims."). Thus, the statute requires the confluence of three things before coverage is mandated: 1) there must be an "unidentified motor vehicle"; 2) the unidentified motor vehicle's involvement in the accident must be as a result of it having "hit" one of the other motor vehicles "involved" in the accident; and 3) the unidentified motor vehicle must have "run." Viewing the facts in a light most favorable to the party opposing summary judgment, as we must, the unidentified car here satisfies all the prerequisites. Significantly, all of the cases upon which the majority relies lacked the second of the three elements; namely, in each of those cases, the unidentified motor vehicle did not "hit" *any* of the vehicles—those cases were "miss-and-run" situations.

If the legislature had intended that there be physical contact between the unidentified vehicle and the *insured seeking coverage* (as opposed to any of the vehicles caught up in the collision), it could have easily so provided—as did the drafters employed by General

419

Casualty. Indeed, *Hayne* tells us that the legislature *was* aware of insurance-industry language that limited uninsured-motorist coverage for hit-and-run accidents to those situations where the unidentified motor vehicle " 'causes bodily injury to an insured arising out of physical contact of such vehicle with the insured.' " *Hayne*, 115 Wis. 2d at 83–84, 339 N.W.2d at 595. Thus, it is reasonable to assume that by not adopting the industry language, the legislature intended to encompass situations where, as here, the unidentified motor vehicle makes physical contact with *any* of the vehicles involved in a multi-vehicle accident.

In my view, the trial court should not have granted summary judgment. I would reverse and remand for trial.