Richard THEIS, Plaintiff-Respondent,

v.

MIDWEST SECURITY INSURANCE COMPANY, Defendant-Appellant.

Supreme Court

*No. 98–2552. Oral argument December 1, 1999.—Decided February 22, 2000.*

2000 WI 15

(Also reported in 606 N.W.2d 162.)

For the defendant-appellant there were briefs, (in the court of appeals), by *James W. Mohr, Jr.* and *Mohr & Anderson, S.C.*, Hartford, and oral argument by *James W. Mohr, Jr.*

For the plaintiff-respondent there was a brief, (in the court of appeals), by *James O. Conway* and *Olsen, Kloet, Gunderson & Conway*, Sheboygan, and oral argument by *James O. Conway.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. This case comes before the court on certification by the court of appeals pursuant to Wis. Stat. § (Rule) 809.61 (1997–98).[1] Midwest Security Insurance Company appeals a judgment of the Circuit Court for Sheboygan County, Hon. Gary Langhoff, Circuit Court Judge. The judgment entered in favor of Richard Theis, the plaintiff, declared that the uninsured motorist provision of the plaintiff's motor vehicle insurance policy with Midwest Security Insurance Company covered an injury to his person and property.

¶ 2. Two issues are presented. The first issue is whether Wis. Stat. § 632.32(4) requires Midwest Security Insurance Company to provide uninsured motorist coverage when a detached piece of an unidentified motor vehicle is propelled into the insured's motor vehicle by an unidentified motor vehicle. The piece either came from the unidentified motor vehicle that propelled it into the insured's motor vehicle or was highway debris from another unidentified motor vehicle that was propelled into the insured's motor vehicle by an unidentified motor vehicle. We hold that Wis. Stat. § 632.32(4) requires that the uninsured motorist clauses of an insurance policy provide coverage under these circumstances.

¶ 3. The second issue is whether Midwest Security Insurance Company should be granted summary judgment in this declaratory judgment action because the plaintiff failed to present evidence of negligence by the driver of the unidentified motor vehicle. We hold that under the terms of the insurance policy, this evidence need not be presented in the declaratory judgment action.

---

[1] All subsequent references to the Wisconsin Statutes are to the 1997–98 text unless otherwise noted.

751

# I

¶ 4. The relevant facts of the case are not in dispute. In March 1997, the plaintiff was driving a semi-tractor in the center lane of a three-lane highway in moderate traffic. Another semi-tractor, which has not been identified, passed the plaintiff's motor vehicle on the right. When the back of this passing semi-tractor was roughly 30 feet in front of the plaintiff's motor vehicle, the plaintiff saw a black object flying at his motor vehicle. The object crashed through the windshield of the plaintiff's motor vehicle and injured the plaintiff.

¶ 5. The object either came off the passing semi-tractor or came off yet another unidentified motor vehicle and was propelled into the plaintiff's vehicle by the passing semi-tractor. The object was identified by the circuit court as a leaf spring, which is a part of a semi-tractor.

¶ 6. The plaintiff sought coverage under his insurance policy with Midwest Security Insurance Company. The plaintiff's policy included the uninsured motorist provision set forth in the margin.[2] Midwest

---

[2] The pertinent part of the policy reads as follows:

PART C–UNINSURED MOTORISTS COVERAGE

Insuring Agreement

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of a "bodily injury":

 1. Sustained by an "insured"; and

 2. Caused by an accident. . . .

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:. . .

 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

752

Security Insurance Company denied coverage, asserting that the incident did not come within the policy's uninsured motorist provision.

¶ 7. Plaintiff commenced this litigation in February 1998, seeking a declaratory judgment that the accident was covered by the uninsured motorist provision of his insurance policy so that the plaintiff could proceed with arbitration. Midwest Security Insurance Company moved for summary judgment, arguing that the plaintiff's action should be dismissed for two reasons. First, Midwest Security Insurance Company argued that the injury did not come within the uninsured motorist provision of the insurance policy. Second, Midwest Security Insurance Company asserted that the plaintiff did not present evidence of the unidentified motorist's negligence and therefore was not legally entitled to recover damages. The circuit court concluded that there is coverage under the insurance policy and that the plaintiff is entitled to proceed with arbitration consistent with the terms of that policy. Midwest Security Insurance Company appealed. The court of appeals certified the case to this court.

## II

¶ 8. In a declaratory judgment action, the granting or denying of relief is a matter within the discretion of the circuit court. *Hull v. State Farm Mut. Auto Ins. Co.*, 222 Wis. 2d 627, 635–36, 586 N.W.2d 863 (1998).

a. You or any "family member"

b. A vehicle which you or any "family member" are "occupying"; or

c. "Your covered auto".

Def. Brief-Appendix at 107.

This court reviews such decisions to determine whether the circuit court erroneously exercised its discretion. *Id.* If the circuit court proceeds on an erroneous interpretation of the law, the exercise of discretion is erroneous. *Id.*

¶ 9. In this case the interpretation of Wis. Stat. § 632.32(4) is at issue. Interpretation of a statute is ordinarily a question of law, which this court determines independently, while benefiting from the analyses of the circuit court and court of appeals. *Hull*, 222 Wis. 2d at 636.

### III

¶ 10. The first issue is whether Wis. Stat. § 632.32(4) requires Midwest Security Insurance Company to provide uninsured motorist coverage when a detached piece of an unidentified motor vehicle is propelled into the insured's motor vehicle by an unidentified motor vehicle. The piece may have come from the unidentified motor vehicle that propelled it into the insured's motor vehicle or was highway debris from another unidentified motor vehicle that was propelled into the insured's motor vehicle by an unidentified motor vehicle. If the statute requires coverage, we need not examine the insurance policy. *See Hayne v. Progressive Northern Ins. Co.*, 115 Wis. 2d 68, 72, 339 N.W.2d 588 (1983).

¶ 11. We hold that Wis. Stat. § 632.32(4) requires that the uninsured motorist clauses of an insurance policy provide coverage when a detached piece of an unidentified motor vehicle is propelled into the insured's motor vehicle by an unidentified motor vehicle. The piece either came from the unidentified motor

vehicle that propelled it into the insured's motor vehicle or was highway debris from another unidentified motor vehicle that was propelled into the insured's motor vehicle by an unidentified motor vehicle.

¶ 12. We reach this result by examining the language of Wis. Stat. § 632.32(4), case law and the purposes underlying § 632.32(4).

¶ 13. Section 632.32(4) requires insurance companies to provide uninsured motorist coverage, and the Midwest Security Insurance Company policy must meet the statutory requirements. Coverage omitted from an insurance policy may be compelled and enforced as part of that policy when the inclusion of such coverage is required by a statute. *Hayne*, 115 Wis. 2d at 72. Thus if the statute requires Midwest Security Insurance Company to provide coverage in this case we need not examine the policy language. Accordingly, we focus our attention initially on the statute, which provides in relevant part as follows:

> (4) Required uninsured motorist and medical payments coverages. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:

> (a) Uninsured motorist. 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury. . .in limits of at least $25,000 per person and $50,000 per accident.

2. In this paragraph "uninsured motor vehicle" also includes:...

b. An unidentified motor vehicle involved in a hit-and-run accident.

¶ 14. Three elements must be met before uninsured motorist coverage is mandated by the statute. First, the statute requires an unidentified motor vehicle. In this case the unidentified semi-tractor that passed the insured's motor vehicle and propelled the leaf spring into the insured's motor vehicle is an unidentified motor vehicle. This element of the statute is satisfied.

¶ 15. Second, the statute requires that an unidentified motor vehicle hit the motor vehicle involved in the accident. Here a piece of an unidentified motor vehicle was propelled into the insured's motor vehicle by an unidentified motor vehicle. We must determine whether a piece detached from an unidentified motor vehicle that is propelled into the insured's motor vehicle by an unidentified motor vehicle satisfies this requirement of a "hit."

¶ 16. Third, the statute requires that the unidentified motor vehicle must have run from the scene. The unidentified semi-tractor that propelled the leaf spring into the insured's motor vehicle in the present case did leave the scene of the accident, satisfying this requirement.

¶ 17. Having established the first and third elements in the present case, we explore the second element, the requirement of a "hit."

¶ 18. The legislature has defined neither the word "hit" in the phrase "hit-and-run accident," nor the phrase "hit-and-run accident" used in Wis. Stat. § 632.32(4)(a)2.b. The Legislative Council Note

adopted by the legislature explains that "[a] precise definition of hit-and-run is not necessary for in the rare case where a question arises, the court can draw the line."[3] The legislature apparently recognized that a vast variety of unpredictable scenarios can give rise to claims for uninsured motorist coverage.

¶ 19. Our court and the court of appeals have "drawn a line" on uninsured motorist claims in several cases upon which Midwest Security Insurance Company relies. We review those decisions to determine their application to the facts of this case.

¶ 20. Relying on *Hayne v. Progressive Northern Ins. Co.*, 115 Wis. 2d 68, 339 N.W.2d 588 (1983), Midwest Security Insurance Company asserts that this court has required physical contact between the insured's motor vehicle and the unidentified motor vehicle for uninsured motorist coverage to apply. In *Hayne* the insured's car swerved and subsequently turned over as the insured tried to avoid striking an unidentified oncoming motor vehicle. 115 Wis. 2d at 69. This court held for the insurance company, emphasizing that "the clear statutory language. . .reflects a legislative intent that the statute apply only to accidents in which there have been physical contact." 115 Wis. 2d at 74.

---

[3] The Legislative Council Note in ch. 102, Laws of 1979, states:

> Sub (4) [of sec. 632.32] continues former sub (3) and former s. 632.34(5) with major editorial changes but without intending change of meaning except to add an unidentified hit-and-run vehicle as an uninsured vehicle. A precise definition of hit-and-run is not necessary for in the rare case where a question arises, the court can draw the line.

757

¶ 21. The *Hayne* case does not govern this case.[4] In *Hayne* no physical contact occurred between the insured's motor vehicle and the unidentified motor vehicle. In this case although there was no physical contact between two intact motor vehicles, there was physical contact between the insured's motor vehicle and a piece detached from the unidentified motor vehicle.

¶ 22. The other Wisconsin cases upon which Midwest Security Insurance Company relies for the physical contact requirement are also factually distinguishable from this case. In *Amidzich v. Charter Oak Fire Ins. Co.*, 44 Wis. 2d 45, 170 N.W.2d 813 (1969), the first case setting forth the physical contact rule, an unidentified car forced the insured off the road; there was no physical contact between the cars.

¶ 23. *Amidzich* involved interpretation of an insurance policy, not the uninsured motorist statute. The insurance policy defined a hit-and-run motor vehicle as one "which causes bodily injury to an insured arising out of *physical contact* of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident." 44 Wis. 2d at 50 (emphasis added).[5] This court held that the plain meaning of the phrase "physical contact" requires an actual striking between the hit-and-run motor vehicle

---

[4] The court in *Hayne* defined the issue before it as "whether the term 'hit-and-run' includes 'miss-and-run' or whether it requires an actual physical striking." *Hayne v. Progressive Northern Ins. Co.*, 115 Wis. 2d 68, 72.

[5] Our decision in that case was confined to interpreting the provisions of the insurance policy. The uninsured motorist statute in existence at that time did not refer to hit-and-run accidents. *Amidzich*, 44 Wis. 2d at 50–52 (referring to Wis. Stat. § 204.30 (5) (1965)).

and the insured's motor vehicle, at least in a situation where only two motor vehicles are involved. 44 Wis. 2d at 51. *Amidzich* does not dictate our decision today because in that case there was no physical contact whatsoever between the insured and an unidentified motor vehicle or any piece thereof.

¶ 24. Midwest Security Insurance Company also relies on *Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 496 N.W.2d 140 (Ct. App. 1992), which involved a three-car accident. In *Wegner*, an unidentified car swerved into the path of a van; the van attempted to avoid the swerving car and veered into the path of the insured's vehicle. The insured then swerved, lost control of the vehicle and struck a railroad crossing tower. The court of appeals relied on *Hayne* to deny coverage. The court of appeals held that the hit-and-run provision of the uninsured motorist statute requires that the unidentified motor vehicle and the insured's motor vehicle have physical contact. *See Wegner*, 173 Wis. 2d at 127.[6]

¶ 25. In *Dehnel v. State Farm Mut. Auto. Ins. Co.*, 231 Wis. 2d 14, 604 N.W.2d 575 (Ct. App. 1999), as an unidentified motor vehicle passed the insured's car, a piece of ice hit the car's windshield, breaking the windshield and injuring the insured. The court of appeals rejected the insured's uninsured motorist claim on the

---

[6] A more recent case, *Smith v. General Cas. Ins. Co.*, 230 Wis. 2d 411, 601 N.W.2d 844 (Ct. App. 1999) (petition for review pending at decision; later granted), also involved a three-vehicle accident. In *Smith* the unidentified motor vehicle struck a truck, forcing the truck into the insured's lane. The truck then struck the insured's car. The unidentified motor vehicle did not come into physical contact with the insured's motor vehicle. The court of appeals held there was no coverage because there was no physical contact. *Smith*, 230 Wis. 2d at 417–18.

ground that there was no physical contact between the unidentified motor vehicle and the insured. Notably, the court stated, "the physical contact that occurred here was not between any part of the semi [tractor] and Dehnel's vehicle...the ice was not even an integral part of the unidentified vehicle, such as a tire that had become unattached." *Dehnel*, 231 Wis. 2d at 22. In the present case, unlike in *Dehnel*, a piece detached from an unidentified motor vehicle was propelled into the plaintiff's motor vehicle by an unidentified motor vehicle.

¶ 26. The factual distinction between these cases and the present case is significant. Although the Wisconsin cases have interpreted the hit-and-run provision of Wis. Stat. § 632.32(4) to require physical contact between an insured's motor vehicle and an unidentified motor vehicle, they have not interpreted the statute to negate "physical contact" between the insured's motor vehicle and a part of an unidentified motor vehicle.

¶ 27. Neither the language of the statute, the existing case law nor the legislative history mandates a decision in this case.[7] This court will therefore examine the legislative purposes in adopting the statute to discern legislative intent and will apply the statute in a way that fulfills the legislative purposes and intent. The certification memorandum of the court of appeals accurately describes the two purposes behind the uninsured motorist statute and the purpose behind the "hit-and-run accident" language. We shall examine each of these purposes.

---

[7] For a discussion of the meaning of Wis. Stat. § 632.32 and the legislative history, see the majority decision in *Hayne*, 115 Wis. 2d at 76–85, and the dissent, 115 Wis. 2d at 88–95 (Abrahamson, J., dissenting).

¶ 28. The primary purpose of the uninsured motorist statute is to compensate an injured person who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured.[8] Had an identified insured driver negligently deposited this leaf spring on the road or negligently propelled the leaf spring into the plaintiff's vehicle, the plaintiff would have recovered from the negligent driver's insurance company. This legislative purpose was not sufficient for the courts to allow an insured motorist to recover when an unidentified motor vehicle did not strike the insured motor vehicle, even though an identified insured motor vehicle may have been liable under the same circumstances. Nevertheless, this legislative purpose does point to allowing the plaintiff to recover in this case.

¶ 29. A second purpose of the uninsured motorist statute is that the reasonable coverage expectations of an insured should be honored.[9] The court of appeals concludes that because the insurance policy promises to pay compensatory damages for injuries an insured suffers "arising out of the ownership, maintenance or · use of" an uninsured motor vehicle, a reasonable insured would expect coverage when an unidentified motor vehicle propels a detached piece of an unidenti-

[8] *See Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 591, 405 N.W.2d 327 (1987). *See also Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 126, 496 N.W.2d 140, 143 (Ct. App. 1992).

[9] *Kempers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 734, 351 N.W.2d 156 (1984); *Handal v. American Farmers Mut. Cas. Ins. Co.*, 79 Wis. 2d 67, 78, 255 N.W.2d 903 (1977) (citing Keeton, *Basic Text on Insurance Law*, sec. 6.3 (a), at 351 (1971)); *Patrick v. Head of the Lakes Coop. Elec. Ass'n*, 98 Wis. 2d 66, 69, 259 N.W.2d 205 (Ct. App. 1980).

fied motor vehicle into the insured's vehicle. We agree with the court of appeals' analysis.

¶ 30. Finally, the purpose for interpreting a "hit-and–run accident" as requiring physical contact between the insured and the unidentified motor vehicle is to prevent a fraudulent claim about a phantom motor vehicle when the insured's loss of control causes the accident.[10] This public policy concern about fraud is inoperative when an unidentified motor vehicle propels a detached piece of an unidentified motor vehicle into the insured's vehicle. Midwest Security Insurance Company does not assert that the plaintiff is fabricating the account of what happened when his motor vehicle was struck by the leaf spring. Beyond this specific case, it seems unlikely that future claimants will be able to fraudulently assert that a piece from an unidentified motor vehicle was propelled into their vehicle by an unidentified motor vehicle. The policy of preventing fraudulent claims is therefore not operative in the situation presented in this case.

¶ 31. The three purposes underlying the uninsured motorist statute weigh in favor of our

---

[10] A number of courts and commentators have concluded that the physical contact requirement is designed to prevent drivers from claiming hit-and-run coverage after suffering accidents of their own making. *See, e.g., Berry v. State Farm Mut. Auto. Ins. Co.*, 556 N.W.2d 207, 211 (Mich. App. 1996); *Halseth v. State Farm Mut. Auto. Ins. Co.*, 268 N.W.2d 730, 733 (Minn. 1978); *State Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So. 2d 369, 372 (Miss. 1987); *Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 127, 496 N.W.2d 140 (Ct. App. 1992) (citing *Hayne*, 115 Wis. 2d at 94 (Abrahamson, J., dissenting)); Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance*, § 9.2 at 565 (2d ed. 1999); Lee R. Russ & Thomas F. Segalla, 9 *Couch on Insurance* § 123:55 (3d ed. 1997) and 1999 Supplement.

interpreting Wis. Stat. § 632.32(4) to include the plaintiff's accident. Furthermore, we cannot discern any countervailing legislative policies or purposes to dissuade us from adopting this interpretation of the statute. We recognize that insureds and their insurers will incur a variety of unusual fact situations. The legislature anticipated this problem and expected the courts to resolve the unusual fact situations on a case-by-case basis. Judicial resolutions must be consistent with the language of the statute and the legislative purposes of mandated uninsured motorist coverage.

¶ 32.　Cases from other jurisdictions differ in the application of uninsured motorist coverage to the fact situation presented in this case depending on their statutes and the particular insurance policy language involved, but our decision today is supported by existing case law.[11]

## IV

¶ 33.　The second issue Midwest Security Insurance Company raises is that the plaintiff's declaratory action should be dismissed because the plaintiff failed to present evidence of the hit-and-run driver's negligence. Midwest Security Insurance Company relies on the policy language that states it will pay damages only to "an 'insured' legally entitled to recover from the

---

[11] For a review of the case law on the physical contact rule and hit-and-run accidents, see A.S. Klein, Annotation, *Uninsured Motorist Indorsement: Validity and Construction of Requirement That There be "Physical Contact" with Unidentified or Hit-and-Run Vehicle*, 25 A.L.R. 3d 1299 (1969) and 1999 Supplement; Lee R. Russ & Thomas F. Segalla, 9 *Couch on Insurance* § 123:55-§ 123:57 (3d ed. 1997) and 1999 Supplement; Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance*, Ch. 9 (2d ed. 1999).

owner or operator of an 'uninsured motor vehicle'. . . ." Section 632.32(4)(a) also states that uninsured motorist coverage must be available to "persons legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . ."

¶ 34. A driver is generally not legally entitled to recover damages from owners or operators of other motor vehicles unless the latter have been negligent. We agree with Midwest Security Insurance Company that the plaintiff cannot recover damages under the uninsured motorist provision of the insurance policy unless he demonstrates all of the elements of a legal entitlement, including duty, negligence, causation, and damages.

¶ 35. We agree with the plaintiff, however, that he need not produce evidence of negligence in this declaratory judgment action. This action seeks a declaration of insurance policy coverage relating to a hit-and-run accident of the type plaintiff experienced. The plaintiff asks only that his case be allowed to proceed to arbitration, at which time he will be required to produce evidence demonstrating a legal entitlement to damages.

¶ 36. The insurance policy expressly covers the issue before us. The policy provides that a dispute about coverage under the uninsured motorist provision may not be arbitrated. But a dispute about whether the insured is legally entitled to recover damages from the operator of an uninsured motor vehicle may be arbitrated.[12]

---

[12] The pertinent part of the "ARBITRATION" section of the policy provides as follows:

> If we and an "insured" do not agree: Whether that "insured" is legally entitled to recover damages. . .from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated.

¶ 37. We agree with the plaintiff that the policy means that although disputes about coverage under the uninsured motorist provision are not to be arbitrated, all other elements of his claim may be arbitrated. Midwest Security Insurance Company does not deny that this interpretation of the insurance policy is correct, and it does not state that it does not wish to abide by the arbitration terms of the insurance policy. Rather it maintains that summary judgment is appropriate to determine whether there are any factual issues for arbitration. No authority is cited for this proposition. Midwest Security Insurance Company does not give any reason for deviating from the terms of the insurance policy and we are not persuaded by their position. █

¶ 38. The declaratory judgment of the circuit court merely states that there is coverage for this accident under the uninsured motorist provision of the insurance policy and that the plaintiff is entitled to proceed with arbitration according to the terms of the policy. We agree with the judgment. The plaintiff will be required to present his case for legal entitlement to damages before the decision-maker in the case, whether that be an arbitrator or a court.

¶ 39. For the reasons stated, we affirm the circuit court's judgment. We hold that Wis. Stat. § 632.32(4) requires that the uninsured motorist clauses of an insurance policy provide coverage when a detached piece of an unidentified motor vehicle is propelled into the insured's motor vehicle by an unidentified motor vehicle. The piece either came from the unidentified

However, disputes concerning coverage under this Part [Uninsured Motorists] may not be arbitrated.

Both parties must agree to arbitration.

motor vehicle that propelled it into the insured's motor vehicle or was highway debris from another unidentified motor vehicle that was propelled into the insured's motor vehicle by an unidentified motor vehicle. Furthermore, we hold that under the terms of the insurance policy the plaintiff is not required to demonstrate negligence by the driver of the unidentified motor vehicle in this declaratory judgment action.

*By the Court.*—The judgment of the circuit court is affirmed.