Gary K. SMITH, Plaintiff-Appellant-Petitioner,

v.

GENERAL CASUALTY INSURANCE COMPANY, Defendant-Respondent,

Ronald A. BLAIN and Freight Systems, Inc., Defendants.

Supreme Court

*No. 98–1849. Oral argument September 5, 2000.—Decided December 19, 2000.*

## 2000 WI 127

(Also reported in 619 N.W.2d 882.)

For the plaintiff-appellant-petitioner there were briefs by *Andrew Mishlove* and *Law Offices of Andrew Mishlove*, Milwaukee, and oral argument by *Andrew Mishlove*.

For the defendant-respondent there was a brief by *Jacqueline E. Frakes* and *Eiche & Frakes, S.C.*, Milwaukee, and oral argument by *Jacqueline E. Frakes*.

¶ 1. WILLIAM A. BABLITCH, J. Petitioner Gary K. Smith (Smith) drove the last car hit in a three-vehicle collision. This collision, subsequently referred to as a chain reaction collision, was set into motion by a vehicle driven by an unidentified hit-and-run driver. In

a suit arising from the accident, Smith brought a claim against General Casualty Company of Wisconsin (General Casualty),[1] demanding coverage under the uninsured motorist policy covering the vehicle operated by Smith.

¶ 2.   Smith asserts that Wisconsin's uninsured motorist statute mandates coverage when an unidentified hit-and-run vehicle strikes an intermediate vehicle, propelling the intermediate vehicle into the insured. We agree. Wisconsin Stat. § 632.32(4)(a)2.b. (1993–94)[2] requires uninsured motorist coverage when an "unidentified motor vehicle" is "involved in a hit-and-run accident." We have interpreted the phrase "hit-and-run" to contain a physical contact requirement. *Hayne v. Progressive N. Ins. Co.*, 115 Wis. 2d 68, 74, 339 N.W.2d 588 (1983). This physical contact requirement is satisfied in a chain reaction accident. Because the elements of the statute are satisfied, coverage is required under § 632.32(4). Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 3.   In November 1993 Smith was driving a vehicle in the right-hand lane of Interstate 94, heading southbound. A tractor-double trailer driven by Ronald A. Blain was traveling in the middle lane. According to Blain, his vehicle was struck on the left steering tire, forcing his vehicle to the right, into the next lane of

---

[1] Defendant-Respondent General Casualty Company of Wisconsin was incorrectly designated General Casualty Insurance Company in the caption when the amended complaint was filed in circuit court.

[2] Unless otherwise noted, all subsequent references to the Wisconsin Statutes are to the 1993–94 version.

traffic and Smith's car. A witness observing the accident testified that a dark-colored passenger car struck the left "steer tire" of the tractor-trailer cab.[3]

¶ 4. Smith brought an action in Milwaukee County Circuit Court against Blain and his employer, Freight Systems, Inc. Subsequently, and because Blain asserted that the accident was caused by an unknown hit-and-run driver, Smith amended his complaint to assert a claim for uninsured motorist coverage against General Casualty. General Casualty provided insurance coverage for the vehicle Smith was driving at the time of the accident.

¶ 5. General Casualty moved for summary judgment, asserting that because there was no physical contact between the hit-and-run vehicle and the insured vehicle, Smith was not entitled to uninsured motorist coverage under the policy. Milwaukee County Circuit Court Judge Michael J. Skwierawski granted the motion. Smith appealed. The court of appeals affirmed. *Smith v. General Casualty Ins. Co.*, 230 Wis. 2d 411, 601 N.W.2d 844 (Ct. App. 1999). Smith subsequently filed a petition for review, which was granted.

## STANDARD OF REVIEW

¶ 6. A circuit court's decision to grant summary judgment is a question of law, which this court reviews independently. *Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶ 28, 236 Wis. 2d 435, 613 N.W.2d 142. In our review, this court utilizes the same methodology, set forth in Wis. Stat. § 802.08(2)

---

[3] For the purposes of its motion for summary judgment/declaratory judgment and for this review, General Casualty concedes the existence of the unidentified vehicle.

(1997–98), as employed by the circuit court and court of appeals. *Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 110, 595 N.W.2d 392 (1999). Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2). A reviewing court will uphold a decision granting summary judgment "unless the record reveals that one or more genuine issues of material fact are in dispute or the moving party is not entitled to judgment as a matter of law." *Strasser*, 2000 WI 87 at ¶ 30.

¶ 7.    Resolution of this summary judgment motion involves the interpretation of Wis. Stat. § 632.32(4). Interpretation of a statute also presents a question of law, which we review de novo while benefiting from the analysis of the court of appeals and circuit court. *Theis v. Midwest Sec. Ins. Co.*, 2000 WI 15, ¶ 9, 232 Wis. 2d 749, 606 N.W.2d 162.

## ANALYSIS

¶ 8.    The issue in this case is whether Wis. Stat. § 632.32(4)(a)2.b. mandates uninsured motorist coverage when an unidentified vehicle strikes a second vehicle, which in turn is propelled into the insured's vehicle. More specifically, our inquiry is whether this chain reaction collision is a "hit" within the meaning of the statute.

¶ 9.    Wisconsin Stat. § 632.32(4) provides in relevant part:

> Required uninsured motorist and medical payments coverages. Every policy of insurance subject to this section that insures with respect to any

motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:

(a)  Uninsured motorists. 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident.

2.  In this paragraph "uninsured motor vehicle" also includes:

. . .

b.  An unidentified motor vehicle involved in a hit-and-run accident.

If the statute mandates coverage in this case, then the terms of the insurance policy need not be examined. *Theis*, 2000 WI 15 at ¶ 10.

¶ 10.  Pursuant to Wis. Stat. § 632.32(4)(a)2.b., hit-and-run accidents are included within the statutorily mandated uninsured motor vehicle coverage. A hit-and-run occurs when three elements are satisfied: (1) there is an unidentified motor vehicle; (2) the unidentified vehicle is involved in a hit; and (3) the unidentified motor vehicle "runs" from the scene of the accident. *Theis*, 2000 WI 15 at ¶¶ 14–16.

¶ 11.  We have previously held that the phrase hit-and-run in Wis. Stat. § 632.32(4)(a)2.b. unambiguously "includes a physical contact element." *Hayne*, 115 Wis. 2d at 79. In the instant case, we must consider whether the physical contact element is satisfied when

an unidentified vehicle hits a second vehicle, and that vehicle is pushed into the insured vehicle. Our primary objective here, as in all cases of statutory interpretation, is to effectuate the legislature's intent in enacting § 632.32(4)(a)2.b. To discern this intent, we begin by examining the language of the statute itself.

¶ 12. Wisconsin Stat. § 632.32(4)(a)2.b. defines an uninsured motor vehicle as "an unidentified" vehicle "involved in a hit and run accident." The use of the word "involved" does not strike us as a word that should be narrowly applied only to a hit-and-run accident involving a direct hit to the insured vehicle. Here, the unidentified vehicle was clearly "involved": it precipitated the accident through contact with the intermediate vehicle.

¶ 13. The language of the statute points to the conclusion that coverage is mandated in this case. However, Wis. Stat. § 632.32(4)(a)2.b. does not specifically define the phrase "hit-and-run," and accordingly we have construed the statute on a case-by-case basis. Therefore, we turn next to an examination of prior cases interpreting this law.

¶ 14. Cases interpreting Wis. Stat. § 632.32(4)(a)2.b. fall generally into two categories. The first category of cases is the "miss-and-run" series, including *Hayne, Amidzich v. Charter Oak Fire Insurance Co.*, 44 Wis. 2d 45, 170 N.W.2d 813 (1969), and *Wegner v. Heritage Mutual Insurance Co.*, 173 Wis. 2d 118, 496 N.W.2d 140 (Ct. App. 1992). The second category of cases involve flying objects or auto parts, such as *Theis* and *Dehnel v. State Farm Mutual Automobile Insurance Co.*, 231 Wis. 2d 14, 604 N.W.2d 575 (Ct. App. 1999). Although both lines of cases are factually distinct from the instant controversy, these decisions help guide our conclusion.

¶ 15.    The first line of cases, the miss-and-run series, is instructive for two reasons. First, it is from these cases that the physical contact requirement arose. The foundation for this interpretation was laid in *Amidzich*, in which this court construed the definition of "hit-and-run" in the uninsured motorist clause of an automobile liability insurance policy. The policy extended coverage to damages caused by a "hit-and-run" automobile, which it defined as a vehicle " 'which causes bodily injury to an insured arising out of *physical contact* of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident.' " *Amidzich*, 44 Wis. 2d at 48.

¶ 16.    In *Amidzich*, the policyholder was injured when her automobile was forced off the road by an unidentified vehicle; no striking or actual collision occurred. *Id.* This court concluded that the phrase "physical contact" in the policy's definition of hit-and-run vehicle required that "there be an actual striking between the 'hit-and-run automobile' and the insured's vehicle, at least in a situation where only two vehicles are involved." *Id.* at 51.

¶ 17.    Second, the miss-and-run cases are instructive because following our decision in *Amidzich*, the legislature modified Wis. Stat. § 632.32 to include an unidentified vehicle involved in a hit-and-run accident within the definition of required uninsured motorist coverage. *Hayne*, 115 Wis. 2d at 84. In reviewing the legislative history of § 632.32(4) in *Hayne*, we wrote that the legislature is presumed to have acted with full knowledge of the court's discussion of "hit-and-run" in *Amidzich*. *Id.* at 84. However, the two-vehicle miss-and-run situation in *Amidzich* represented only one obvious type of hit-and-run accident. As we noted in *Hayne*, 115 Wis. 2d at 80 n.7, and repeated in *Theis*:

The Legislative Council Note [in ch. 102, Laws of 1979] adopted by the legislature explains that '[a] precise definition of hit-and-run is not necessary for in the rare case where a question arises, the court can draw the line.' The legislature apparently recognized that a vast variety of unpredictable scenarios can give rise to claims for uninsured motorist coverage.

*Theis*, 2000 WI 15 at ¶ 18 (footnote omitted).

¶ 18.    General Casualty points out that in *Hayne* we determined that by adopting the hit-and-run statutory provision the legislature was "simply incorporating a category of coverage into the statute that most standard policies already contained" and that the standard policy provision defining "hit-and-run" included a physical contact requirement. *Hayne*, 115 Wis. 2d at 83, 84. However, as Judge Fine aptly noted in his dissent to the court of appeals' decision in this case:

> *Hayne* tells us that the legislature *was* aware of insurance-industry language that limited uninsured-motorist coverage for hit-and-run accidents to those situations where the unidentified motor vehicle causes bodily injury to an insured arising out of physical contact of such vehicle with the insured. Thus, it is reasonable to assume that by not adopting the industry language, the legislature intended to encompass situations where, as here, the unidentified motor vehicle makes physical contact with *any* of the vehicles involved in a multivehicle accident.

*Smith*, 230 Wis. 2d at 420 (Fine, J. dissenting) (internal quotation and citation omitted).

¶ 19.    The *Hayne* decision presented a miss-and-run, as was the case in *Amidzich*. In *Hayne*, the driver

of the insured vehicle swerved to avoid an oncoming vehicle, lost control of his vehicle, and the vehicle overturned. *Hayne*, 115 Wis. 2d at 69. We concluded that Wis. Stat. § 632.32(4)(a)2.b. did not require uninsured motorist coverage because there was no physical contact under the circumstances of the case. *Id.* at 74.

¶ 20.   Similarly, there was no physical contact by the unidentified motorist in *Wegner*. As General Casualty points out, the *Wegner* case presents a factual situation more analogous to the case at hand. The insured vehicle was traveling in the far right lane of a three-lane stretch of highway. A gray car in the far left lane swerved into the path of a van in the center lane, causing the van to swerve into the path of the insured's vehicle. The insured vehicle was forced off the highway. *Wegner*, 173 Wis. 2d at 121. The litigants disputed whether the van struck the insured vehicle. *Id.* However, it was undisputed that there was no other contact between these motor vehicles. *Id.* Wegner argued that the unidentified gray car was an uninsured vehicle under Wis. Stat. § 632.32(4)(a)2.b. *Id.* at 124. The court of appeals concluded that § 632.32(4)(a)2.b. did not require coverage because the unidentified car that precipitated the events in *Wegner* was not involved with the physical contact. *Id.* at 127.

¶ 21.   However *Wegner* is again a miss-and-run case while in the instant case there was a contact; the unidentified vehicle had contact with the intermediate vehicle, which in turn had contact with the insured vehicle. The miss-and-run cases do not foreclose interpreting Wis. Stat. § 632.32(4) as mandating coverage in this case.

¶ 22.   While the miss-and-run cases establish the physical contact requirement, the second line of cases presents examples of where the court was required to

655

consider whether that requirement was satisfied. In *Dehnel*, a chunk of ice fell off an unidentified semi-trailer, breaking the insured vehicle's windshield and causing injury to the driver. *Dehnel*, 231 Wis. 2d at 15. The court of appeals wrote that the type of physical contact required under Wis. Stat. § 632.32(4)(a)2.b. is " 'a touching between the vehicles.' " *Id.* at 22 (quoting *Hayne*, 115 Wis. 2d at 78). The court of appeals rejected an interpretation of hit-and-run that would mandate coverage where "extraneous objects," those which are not even an integral part of the unidentified vehicle, come into contact with the insured vehicle. *Id.* As a result, the court found that no hit-and-run occurred for which insurance coverage under § 632.32(4)(a)2.b. was mandated.

¶ 23.   This court found the facts presented in *Dehnel* to be significantly distinct from the facts presented in *Theis*. *Theis*, 2000 WI 15 at ¶¶ 25–26. In *Theis* a detached piece of an unidentified motor vehicle was propelled into the insured's vehicle by an unidentified vehicle. *Id.* at ¶ 2. The piece of unidentified motor vehicle came from either the unidentified motor vehicle that propelled it into the insured's vehicle or from yet another unidentified vehicle. *Id.* at ¶ 11. After reviewing *Dehnel, Wegner, Hayne* and *Amidzich*, we summarized the law on hit-and-run for the purposes of Wis. Stat. § 632.32(4) as requiring "physical contact between an insured's motor vehicle and an unidentified motor vehicle" but not barring a finding of " 'physical contact' between the insured's motor vehicle and a part of an unidentified motor vehicle." *Theis*, 2000 WI 15 at ¶ 26. Our opinion in *Theis* did not address a chain reaction collision.

¶ 24.   In *Theis*, we determined that the language of the statute, the legislative history, and the cases

interpreting Wis. Stat. § 632.32(4) did not compel a result on the law. *Id.* at ¶ 27. We therefore turned to a consideration of the public policy issues undergirding underinsured motorist coverage. This method of analysis is equally applicable here. When interpreting an ambiguous statute, we seek to discern the intent of the legislature and the policy behind the statute. *State v. Hopkins*, 168 Wis. 2d 802, 815, 484 N.W.2d 549 (1992). Accordingly, we turn next to an analysis of the policy concerns at issue here.

¶ 25.    One public policy concern is of primary relevance to our analysis, that of preventing fraud. The physical contact element unambiguously included in the term "hit-and-run" in Wis. Stat. § 632.32(4)(a)2.b. prevents fraudulent claims from being brought by an insured driver who is involved in an accident of his or her own making. *Theis*, 2000 WI 15 at ¶ 30 n.10. Under the circumstances of this case, when physical contact has been applied by an unidentified motor vehicle to an intermediate motor vehicle and then transmitted through to the insured's vehicle, and where this physical contact may be confirmed in such a way as to provide safeguards against fraud, this purpose for the physical contact requirement is satisfied.

¶ 26.    An additional policy concern is that the purpose of the statutorily mandated uninsured motorist coverage in Wis. Stat. § 632.32(4)(a) "is to compensate an injured person who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured." *Theis*, 2000 WI 15 at ¶ 28. Here, if the vehicle that negligently started the chain reaction collision had been identified and was insured, Smith could have recovered under that policy. Thus, by interpreting the statute to mandate coverage in the present case, Smith would be

compensated "to the same extent as if the uninsured motorist was insured." *Id.*

¶ 27.    Finally, the parties, citing *Theis*, 2000 WI 15 at ¶ 29, assert that an additional public policy issue which should be considered is that of honoring the reasonable coverage expectations of the insured. Smith argues that a reasonable individual would expect coverage under the facts of this case. General Casualty asserts that no reasonable insured could read its policy as providing coverage unless a hit occurs between the unidentified vehicle and the insured.[4] The public policy

---

[4] The policy issued by General Casualty provides in relevant part:

INSURING AGREEMENT

A.   We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury:"

1.   Sustained by an "insured;" and

2.   Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle.". . .

B.   "Insured" as used in this Part means:

    1.   You or any "family member."

    2.   Any other person "occupying" "your covered auto."

. . .

C.   "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

. . .

    3.   Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

        a.   you or any "family member;"

        b.   a vehicle which you or any "family member" are "occupying;" or

purpose of honoring the reasonable expectations of the insured is applied when the language of an insurance contract is interpreted and construed. *Kremers-Urban Co. v. American Employers Ins.*, 119 Wis. 2d 722, 735, 351 N.W.2d 156 (1984). The question to be decided here, however, is not the construction of the policy, but what the law requires. Thus, the reasonable expectation of the insured regarding the language of the policy is not relevant to our analysis of Wis. Stat. § 632.32(4)(a)2.b.

■

¶ 28. In summary, the public policy concern of preventing fraudulent claims will be appropriately satisfied when an unidentified driver is involved in the type of collision that occurred in this case. In addition, the policy of the uninsured motorist statute, to provide compensation to the same extent as if the uninsured motorist were insured, is satisfied if coverage is mandated. Accordingly, based upon these policy concerns and the language of the statute, we conclude that when an unidentified driver is involved in a chain reaction collision, the physical contact requirement for a "hit-and-run" is satisfied and coverage is mandated under Wis. Stat. § 632.32(4)(a)2.b. As a result, Smith's complaint does set forth a claim against General Casualty under the statute, and therefore, summary judgment was not proper.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court.